# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2014

Lyle W. Cayce
Clerk

No. 13-60496
Summary Calendar

MARTHA TERESA GOMEZ-MONTES, also known as Martha Gomez-Montes

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A 077-799-724

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

In her two petitions for review, Martha Gomez-Montes, a native and citizen of Honduras, challenges the Board of Immigration Appeals (BIA) denying, on 17 June and 17 October 2013, respectively, her motions to remand and to reconsider, *inter alia*, her application for withholding of removal, based on new evidence. The claimed new evidence is a decision by an immigration judge (IJ) in Chicago, Illinois, granting asylum to Gomez' brother, Pedro Palma. According to Gomez, she is similarly situated to Palma and is entitled to withholding of removal, or, alternatively, a remand to the IJ for a new

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

hearing.  She asserts the decision in Palma's case corroborates her claims and supports her application for withholding of removal.

Generally, we review only the decision of the BIA.  *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  When the IJ's ruling affects the BIA's ruling, however, we also review the IJ's decision.  *Id.*  A motion to remand for consideration of new evidence is analyzed the same as a motion to reopen a removal proceeding.  *E.g., Wang v. Ashcroft*, 260 F.3d 448, 451-52 (5th Cir. 2001).  Such motions are disfavored; accordingly, the denial of a motion to reopen or of a motion to reconsider is reviewed under a "highly deferential abuse-of-discretion standard".  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005); *see also Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000) (citation omitted).  The BIA's ruling will stand, even if we conclude it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Zhao*, 404 F.3d at 304 (citation and internal quotation marks omitted).

Gomez fails to show the BIA abused its discretion in denying her motions to remand and to reconsider.  Contrary to Gomez' assertion, the BIA considered the decision in Palma's case when ruling on her motions.  The BIA noted that, unlike in Gomez' action, the decision in Palma's case did not reflect that Palma's testimony was plagued with inconsistent, implausible, and uncorroborated statements.  The BIA further concluded the decision in Palma's case reflected that Palma sought asylum on the basis of not only his father's and brother's participation in the neighborhood-watch group, referred to as the "Security Committee", but his own participation as well.  (Palma's brother is also Gomez' brother.)  The IJ's decision in Palma's case demonstrates Palma testified to enduring gang-related threats and attacks due to this participation. Gomez, however, admitted the gang members never mentioned her family in

No. 13-60496

any of the incidents involving the gangs; rather, they only demanded money from her. Further, as the IJ found in Gomez' action, Gomez never mentioned her and Palma's brother's cooperation with the police in her reasonable-fear interview or asylum application. Moreover, the fact that her and Palma's brother submitted a letter in support of Palma's case contradicts Gomez' assertion that her and Palma's brother feared submitting such a letter in her action.

Even assuming *arguendo* that Gomez was similarly situated to Palma and would be attacked because of her family's involvement in the "Security Committee", she would still not be entitled to relief. *E.g., Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004) (fleeing over personal matters, and fear of general violence and civil disorder insufficient to grant relief); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004) (relief unavailable where personal retribution is sole claim for withholding of removal). Accordingly, the BIA did not abuse its discretion in denying Gomez' motions.

Gomez also challenges the IJ's and BIA's conclusions that she was not entitled to withholding of removal. Although Gomez disagrees with the adverse credibility finding, she specifically states she is not challenging that determination before this court. Arguments are to be briefed; issues inadequately briefed are deemed abandoned. *E.g., Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Because the credibility issue was dispositive of Gomez' application for withholding of removal and Convention Against Torture protection, the merits of Gomez' claims need not be addressed. *Id.*

DENIED.

3